

1  DAYLE ELIESON
   United States Attorney
   District of Nevada
2  BRANDON C. JAROCH
   Assistant United States Attorney
3  501 Las Vegas Boulevard So., Suite 1100
   Las Vegas, Nevada  89101
4  702-388-6336 (phone)
   702-388-6418 (fax)
5  brandon.jaroch@usdoj.gov

6  Attorney for the United States

7           UNITED STATES DISTRICT COURT
8              DISTRICT OF NEVADA
                     -oOo-
9

10 UNITED STATES OF AMERICA,

11         Plaintiff,                    Case No.:  2:17-cr-00401-JCM-VCF

12 vs.                                   **PLEA AGREEMENT UNDER
                                         FED.  R. CRIM. P. 11 (c)(1)(A) and
13 JENNIFER HAMOY,                       (B)**

14         Defendant.

15         The  United  States  of  America,  by  and  through  DAYLE  ELIESON,  United

16 States Attorney, Brandon C. Jaroch, Assistant United States Attorney, the defendant

17 JENNIFER HAMOY, and her attorney, Adam M. Solinger, Esq., submit this Plea

18 Agreement under Federal Rules of Criminal Procedure 11(c)(1)(A) and (B).

19 I.    **SCOPE OF AGREEMENT**

20         The  parties  to  this  Plea  Agreement  are  the  United  States  of  America  and

21 JENNIFER HAMOY (the defendant).  This Plea Agreement binds the defendant and

22 the United States Attorneys' Offices for the District of Nevada.  It does not bind any

23

                                         1

other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding the criminal charge referenced in the Plea Agreement and the applicable sentence, fine, and restitution. It does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the defendant.

## II.   DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A.    <u>Guilty Plea</u>. The defendant knowingly and voluntarily agrees to plead guilty to the following charge, as set forth in the Criminal Indictment:

<u>Count One</u>: Conspiracy to Commit Marriage Fraud, in violation of 18 U.S.C. § 371 and 8 U.S.C. §1325(c).

B.    <u>Waiver of Trial Rights</u>. The defendant acknowledges that she has been advised and understands that by entering a plea of guilty she is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the defendant is giving up:

1.    The right to proceed to trial by jury on all charges, or to a trial by a judge if the defendant and the United States both agree;

2.    The right to confront the witnesses against the defendant at such a trial, and to cross-examine them;

3.    The right to remain silent at such a trial, with assurance that her silence could not be used against her in any way;

4.     The right to testify in her own defense at such a trial if she so chooses;

5.     The right to compel witnesses to appear at such a trial and testify in the defendant's behalf; and

6.     The right to have the assistance of an attorney at all stages of such proceeding.

C.     <u>Withdrawal of Guilty Plea</u>.  The defendant will not seek to withdraw her guilty plea after she has entered it in court.

D.     <u>Additional Charges</u>.    The United States agrees not to bring any additional charges against the defendant arising out of the investigation in the District of Nevada that culminated in this Plea Agreement and based on conduct known to the United States except that the United States reserves the right to prosecute the defendant for any crime of violence as defined by 18 U.S.C. § 16.

## III.    ELEMENTS OF THE OFFENSES

A.     The elements of Conspiracy to Commit Marriage Fraud, in violation of 18 U.S.C. § 371 and 8 U.S.C. §1325(c), are:

a.     <u>Conspiracy, in violation of 18 U.S.C. § 371</u>:

1.  Beginning on or about December 10, 2013, and ending on or about July 10, 2015, there was an agreement between two or more persons to commit at least one crime as charged in the indictment;

2.  The defendants became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

3.  One of the members of the conspiracy performed at least one overt act on or after December 10, 2013 for the purpose of carrying out the conspiracy.

*See* Model Crim. Jury Instr. 9th Cir. 8.20 (2010)

b.  <u>Marriage Fraud, in violation of 8 U.S.C. §1325(c):</u>

1.  The defendant knowingly entered into a marriage with another person named in the indictment;

2.  The defendant entered the marriage for the purpose of evading an immigration law; and

3.  The defendant did not intend to establish a life together with her or her spouse at the time they were married.

*See United States v. Orellana-Blanco*, 294 F.3d 1143, 1151 (9th Cir. 2002).

## IV.  FACTS SUPPORTING GUILTY PLEA

A.  The defendant will plead guilty because she is, in fact and under the law, guilty of the crimes charged.

B.  The defendant acknowledges that if she elected to go to trial instead of pleading guilty, the United States could prove her guilt beyond a reasonable doubt. The defendant further acknowledges that her admissions and declarations of fact set forth below satisfy every element of the charged offense.

C.  The defendant waives any potential future claim that the facts she admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offenses.

1    D.    The defendant admits and declares under penalty of perjury that the

2    facts set forth below are true and correct:

3    Beginning on or about December 10, 2013, and continuing to on or about July

4    10, 2015 in Las Vegas, Nevada, the defendant conspired with co-defendant, Antonio

5    Ybanez, to arrange a sham marriage between a confidential human source (CHS)

6    posing as an foreign citizen and an undercover Homeland Security Investigations

7    Special Agent (UC) posing as the United States citizen spouse for the purposes of

8    avoiding immigration consequences.

9    On or about October 29, 2014, the defendant was introduced to the CHS and

10    UC by Ybanez as his paralegal that assists him in filing immigration paperwork with

11    the United States Citizenship and Immigration Services (USCIS), which she did for

12    a fee.

13    On or about December 4, 2014, the defendant mailed the completed

14    immigration paperwork to USCIS, which included statements that she knew to be

15    false and misleading.

16    On or about April 15, 2015, the defendant met with the CHS and UC to help

17    them prepare for the in-person interviews conducted by USCIS to evade detection of

18    the fraudulent nature of the marriage.

19    That while she initially believed that the couple was entering into a legitimate

20    marriage, it became abundantly clear later that it was a fraudulent marriage with

21    the intended purpose of receiving illegal immigration benefits for the CHS.    The

22    defendant knew that the CHS and UC were only getting married to avoid

23

5

immigration consequences and did not intend to establish a life together. The defendant further acknowledges that her actions of meeting with the CHS and UC, assisting them in the completion of the paperwork, mailing the paper work to USCIS, and meeting with the CHS and UC to prepare for the in-person interviews are overt acts in furtherance of the conspiracy.

The parties agree that the loss to the victims and financial gain to the defendant is less than $10,000.

All of the foregoing occurred in the State and Federal District of Nevada.

## V.    COLLATERAL USE OF FACTUAL ADMISSIONS

The facts set forth in Section IV of this Plea Agreement shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) at sentencing for any purpose. If the defendant does not plead guilty or withdraws her guilty plea, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on the defendant's behalf. The defendant expressly waives all rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

## VI.    APPLICATION OF SENTENCING GUIDELINES PROVISIONS

A.    <u>Discretionary Nature of Sentencing Guidelines</u>. The defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining the defendant's sentence, but

1   that the Sentencing Guidelines are advisory, not mandatory, and the Court has

2   discretion to impose any reasonable sentence up to the maximum term of

3   imprisonment permitted by statute.

4        B.   <u>Offense Level Calculations</u>.  The parties stipulate to the following

5   calculation of the defendant's offense level under the Sentencing Guidelines,

6   acknowledge that these stipulations do not bind the Court, and agree that they will

7   not seek to apply any other specific offense characteristics, enhancements or

8   reductions:

9        Base Offense Level (USSG §2L2.1(a))                            11

10             USSG § 3E1.1 (Acceptance of Responsibility)            <u>-2</u>

11       Adjusted Offense Level                                          9

12       The defendant will be allowed to argue for a mitigating role adjustment

13  pursuant to USSG § 3B1.2. The Government is free to oppose such request.

14       The defendant acknowledges that the statutory maximum sentence and any

15  statutory minimum sentence limit the Court's discretion in determining the

16  defendant's sentence notwithstanding any applicable Sentencing Guidelines

17  provisions.

18       C.   <u>Reduction of Offense Level for Acceptance of Responsibility</u>.  Under

19  USSG § 3E1.1(a), the United States will recommend that the defendant receive a two-

20  level downward adjustment for acceptance of responsibility unless she (a) fails to

21  truthfully admit facts establishing a factual basis for the guilty plea when she enters

22  the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed

23

1    when she enters her guilty plea; (c) fails to truthfully admit facts establishing the

2    forfeiture allegations when she enters her guilty plea; (d) provides false or misleading

3    information to the United States, the Court, Pretrial Services, or the Probation Office;

4    (e) denies involvement in the offense or provides conflicting statements regarding her

5    involvement or falsely denies or frivolously contests conduct relevant to the offense;

6    (f) attempts to withdraw her guilty plea; (g) commits or attempts to commit any crime;

7    (h) fails to appear in court; or (i) violates the conditions of pretrial release.

8         D.    Criminal History Category. The defendant acknowledges that the Court

9    may base her sentence in part on the defendant's criminal record or criminal history.

10   The Court will determine the defendant's Criminal History Category under the

11   Sentencing Guidelines.

12        E.    Relevant Conduct. The Court may consider any counts dismissed under

13   this Plea Agreement and all other relevant conduct, whether charged or uncharged,

14   in determining the applicable Sentencing Guidelines range and whether to depart

15   from that range.

16        F.    Additional Sentencing Information.    The stipulated Sentencing

17   Guidelines calculations are based on information now known to the parties.  The

18   parties may provide additional information to the United States Probation Office and

19   the Court regarding the nature, scope, and extent of the defendant's criminal conduct

20   and any aggravating or mitigating facts or circumstances.  Good faith efforts to

21   provide truthful information or to correct factual misstatements shall not be grounds

22   for the defendant to withdraw her guilty plea.

23

1    The defendant acknowledges that the United States Probation Office may
2    calculate the Sentencing Guidelines differently and may rely on additional
3    information it obtains through its investigation. The defendant also acknowledges
4    that the Court may rely on this and other additional information as it calculates the
5    Sentencing Guidelines range and makes other sentencing determinations, and the
6    Court's reliance on such information shall not be grounds for the defendant to
7    withdraw her guilty plea.

8    **VII.   APPLICATION OF SENTENCING STATUTES**

9    A.    Maximum Penalty: The maximum penalty for violating Conspiracy to
10   Commit Marriage Fraud, in violation of 18 U.S.C. § 371 and 8 U.S.C. §1325(c), is not
11   more than 5 years imprisonment, a fine of not more than $250,000, or both.

12   B.    Factors Under 18 U.S.C. § 3553. The Court must consider the factors
13   set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence. However,
14   the statutory minimum and statutory maximum sentence limits the Court's
15   discretion in determining the defendant's sentence.

16   C.    Parole Abolished. The defendant acknowledges that her prison sentence
17   cannot be shortened by early release on parole because parole has been abolished.

18   D.    Supervised Release. In addition to imprisonment and a fine, the
19   defendant will be subject to a term of supervised release of no more than three years.
20   Supervised release is a period of time after release from prison during which the
21   defendant will be subject to various restrictions and requirements. If the defendant
22   violates any condition of supervised release, the Court may order the defendant's

23

1   return to prison for all or part of the term of supervised release, which could result in

2   the defendant serving a total term of imprisonment greater than the statutory

3   maximum prison sentence.

4       E.    Special Assessment.    The defendant will pay a $100.00 special

5   assessment per count of conviction at the time of sentencing.

## VIII. RESTITUTION

7       In exchange for benefits received under this Plea Agreement, the defendant

8   agrees to make full restitution in an amount to be determined by the Court for all of

9   the losses the defendant caused by her schemes or offenses, whether charged or

10  uncharged, pled to or not, and by all of her relevant conduct. 18 U.S.C. § 3663(a)(3).

11  The defendant cannot discharge her restitution obligation through bankruptcy

12  proceedings. The defendant acknowledges that restitution payments and obligations

13  cannot offset or reduce the amount of any forfeiture judgment imposed in this case.

## IX.    FORFEITURE

15      Upon conviction of the conspiracy offense alleged in the Indictment, the

16  defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property

17  constituting, or derived from, any proceeds obtained, directly or indirectly, as a result

18  of the said violation(s) and any property used, or intended to be used, in any manner

19  or part, to commit, or to facilitate the commission of the said violation(s).

20  //

21  //

22  //

23

1    **X.    POSITIONS REGARDING SENTENCE**

2         The government will recommend a sentence within the applicable Sentencing

3    Guidelines range determined by the Court unless the defendant commits any act that

4    could result in a loss of the downward adjustment for acceptance of responsibility.

5    The defendant acknowledges that the Court does not have to follow a

6    recommendation.  This Plea Agreement does not require the United States to file any

7    pre- or post-sentence downward departure motion under USSG §5K1.1 or Fed. R.

8    Crim. P. 35.  Notwithstanding its agreement to recommend a guideline sentence

9    within the Sentencing Guidelines range, the United States reserves its right to defend

10   any lawfully-imposed sentence on appeal or in any post-conviction litigation.

11        The defendant may request a downward adjustment pursuant to 18 U.S.C. §

12   3553(a) to any sentence the Court may impose.

13   **XI.    FINANCIAL INFORMATION AND DISPOSITION OF ASSETS**

14        Before or after sentencing, upon request by the Court, the United States, or

15   the Probation Office, the defendant will provide accurate and complete financial

16   information, submit sworn statements, and/or give depositions under oath concerning

17   her assets and her ability to pay.  The defendant will surrender assets she obtained

18   directly or indirectly as a result of her crimes, and will release funds and property

19   under her control in order to pay any fine, forfeiture, or restitution ordered by the

20   Court.

21   **XII.   THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS**

22        A.    <u>Plea Agreement and Decision to Plead Guilty</u>.    The defendant

23

acknowledges that:

1. She has read this Plea Agreement and understands its terms and conditions;

2. She has had adequate time to discuss this case, the evidence, and this Plea Agreement with her attorney;

3. She has discussed the terms of this Plea Agreement with her attorney;

4. The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

5. She was not under the influence of any alcohol, drug, or medicine that would impair her ability to understand the Agreement when she considered signing this Plea Agreement and when she signed it.

The defendant understands that she alone decides whether to plead guilty or go to trial, and acknowledges that she has decided to enter her guilty plea knowing of the charges brought against her, her possible defenses, and the benefits and possible detriments of proceeding to trial. The defendant also acknowledges that she decided to plead guilty voluntarily and that no one coerced or threatened her to enter into this Plea Agreement.

B.    Waiver of Appeal and Post-Conviction Proceedings.    The defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that sentence on the

1    grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of

2    the conviction or sentence and any order of restitution or forfeiture.

3        The defendant also knowingly and expressly waives all collateral challenges,

4    including any claims under 28 U.S.C. § 2255, to her conviction, sentence, and the

5    procedure by which the Court adjudicated guilt and imposed sentence, except non-

6    waivable claims of ineffective assistance of counsel.

7        The defendant reserves only the right to appeal any portion of the sentence

8    that is an upward departure from the Sentencing Guidelines range determined by

9    the Court.

10        The defendant acknowledges that the United States is not obligated or

11    required to preserve any evidence obtained in the investigation of this case.

12        C.    Removal/Deportation Consequences.  The defendant understands and

13    acknowledges that if she is not a United States citizen, then it is highly probable that

14    she will be permanently removed (deported) from the United States as a consequence

15    of pleading guilty under the terms of this Plea Agreement.  The defendant has also

16    been advised if her conviction is for an offense described in 8 U.S.C. § 1101(a)(43), she

17    will be deported and removed from the United States and will not be allowed to return

18    to the United States at any time in the future.  The defendant desires to plead guilty

19    regardless of any immigration consequences that may result from her guilty plea,

20    even if the consequence is automatic removal from the United States with no

21    possibility of returning.  The defendant acknowledges that she has specifically

22    discussed these removal/deportation consequences with her attorney.

23

## XIII.  ADDITIONAL ACKNOWLEDGMENTS

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions.  It constitutes the entire agreement negotiated and agreed to by the parties.  No  promises, agreements or conditions other than those set forth in this agreement have been made or implied by the defendant, the defendant's attorney, or the United States, and no additional promises, agreements or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

DAYLE ELIESON
United States Attorney

DATE 5/31/18

BRANDON C. JAROCH
Assistant United States Attorney

DATE 5/31/18

ADAM M. SOLINGER, Esq.
Counsel for Defendant HAMOY

DATE 5/31/18

JENNIFER HAMOY
Defendant

14